IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MARY HILL,

                    Plaintiff,

          v.                                    Civil Action No.
                                                3:13-CV-1341 (DEP)

CAROLYN COLVIN, Acting Commissioner of
Social Security,

                    Defendant.

_____

<u>APPEARANCES</u>:                    <u>OF COUNSEL</u>:

<u>FOR PLAINTIFF</u>:

LACHMAN, GROTON LAW FIRM          PETER A. GROTON, ESQ.
P.O. Box 89
1500 East Main St.
Endicott, NY 13761-0089


<u>FOR DEFENDANT</u>:

HON. RICHARD S. HARTUNIAN          JOSHUA L. KERSHNER, ESQ
United States Attorney for the          Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>ORDER</u>

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on May 15, 2015 during a telephone conference, held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1)      Plaintiff's motion for judgment on the pleadings is GRANTED.

2)      The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3)      The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4)      The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:      May 18, 2015
            Syracuse, NY

UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
MARY HILL,

                        Plaintiff,

vs.                              3:13-CV-1341

CAROLYN W. COLVIN,
Commissioner of Social Security,


                        Defendant.
-------------------------------------------x

        Transcript of a Decision held during a

Telephone Conference held on May 15, 2015, at the

James Hanley Federal Building, 100 South Clinton

Street, Syracuse, New York, the HONORABLE DAVID E.

PEEBLES, United States Magistrate Judge, Presiding.



                    A P P E A R A N C E S

                      (By Telephone)

For Plaintiff:        LACHMAN, GORTON LAW FIRM
                      Attorneys at Law
                      P.O. Box 89
                      1500 East Main Street
                      Endicott, New York  13761-0089
                        BY:  PETER A. GORTON, ESQ.

For Defendant:        SOCIAL SECURITY ADMINISTRATION
                      Office of Regional General Counsel
                      Region II
                      26 Federal Plaza - Room 3904
                      New York, New York  10278
                        BY:  JOSHUA L. KERSHNER, ESQ.

1      (The following is an excerpt from the

2         proceedings held on 5/15/2015.)

3      (In Chambers, Counsel present by telephone.)

4      THE COURT:  Thank you both for excellent and

5   spirited arguments and written presentations.

6      I have before me a request for judicial review of a

7   Commissioner's determination under 42 United States Code

8   Section 405(g).

9      The background of this matter is as follows:  The

10   plaintiff was born in August of 1977, and is currently 37

11   years old.  She has a 12th grade education and one year of

12   college education.  She left college, however, based on a

13   severe automobile accident which she apparently suffered in

14   June of 2005.  That is reflected at page 435 of the

15   administrative transcript.  She has worked in various

16   positions in the past including in medical records and in day

17   care training.  She last worked on March 31st, 2009.  She

18   worked at Walmart for 10 years off and on, primarily, or her

19   last job at least was working overnight stocking shelves.

20   She left due to lower back pain, migraines, leg pain, and

21   inability to concentrate.  She also has one year as an

22   account receivable specialist, and according to her, she was

23   laid off due to attendance problems.

24      She has treated with various sources.  She treated

25   with Dr. Ann Marie Moukala-Cadet from March 2012 forward.

1    She was -- she has been prescribed Topamax for headaches,

2    Naproxen, Lyrica, and Cymbalta at various times for

3    backaches.  Her -- primarily she has treated with Dr. Cadet

4    for headaches, legs, lower back pain, arm pain, wrist pain,

5    and shoulder pain.  She has also undergone treatment since at

6    least September 2010 for mental health issues and at various

7    times been diagnosed with post-traumatic stress disorder,

8    anxiety, and depression.  She has been prescribed Lexapro.

9           One of her treating sources, as we've discussed, is

10    Dr. Timothy Roche who she treated with from August 2010

11    through July 2012.  Dr. Roche provided a medical source

12    statement which we have been discussing, it appears at page

13    563 to 67 of the administrative transcript.  She also has

14    seen a sleep specialist, and a Dr. Henda Bouali, another

15    specialist who discerned a vitamin D deficiency.

16           Procedurally, the plaintiff applied for Disability

17    Insurance and SSI benefits on April 4, 2011, alleged an onset

18    date of March 31, 2009.  There was indication of a separate

19    subsequent application which was denied and there was no

20    request for a hearing.  The ALJ considered that to have been

21    reopened.  The hearing was conducted by ALJ Elizabeth

22    Koennecke on July 10, 2012.  The ALJ -- I'm sorry, it was a

23    prior application from December 22, 2009, I'm sorry, and it

24    was denied in May of 2010.  The administrative law judge

25    issued a decision on August 22, 2012, finding that the

plaintiff was not disabled at the relevant times and denying
her application for benefits.  The determination became a
final determination of the agency on September 27, 2013 when
the Social Security Administration Appeals Council denied
plaintiff's application for review.

In her decision, ALJ Koennecke applied the familiar
five-step protocol for determining disability, found that
plaintiff had not engaged in substantial gainful activity
since her alleged onset date, found that she suffers from
somatization disorder and PTSD diagnosed variously, rejected
dizziness, migraines, pain, sleep problems, and fibromyalgia
as also potential severe conditions at step 2.

At step 3 she found that plaintiff's conditions did
not meet or medically equal any of the listed presumptively
disabling conditions.  She then surveyed the medical evidence
and concluded that the plaintiff, despite her conditions,
retains the residual functional capacity, or RFC, to lift
and/or carry 10 pounds occasionally, sit for six hours in an
eight-hour workday, and stand and/or walk for two hours in an
eight-hour day.  The claimant has no postural, manipulative,
communicative, visual, or environmental limitations.  She
retains the ability on a sustained basis to frequently
understand, carry out, and remember simple instructions, to
frequently respond appropriately to supervision, coworkers,
and usual work situations and to frequently deal with changes

1  in a routine work setting.  She found that to be consistent

2  with a full range of sedentary work.

3        After concluding at step 4 that plaintiff is unable

4  to perform her past relevant work, the ALJ applied the

5  Medical Vocational Guidelines or grids and concluded at step

6  5 that the plaintiff is not disabled and that there is in

7  fact work in the national and local economy she is capable of

8  performing.

9        As you well know, my role in this matter is

10  extremely circumscribed, I apply a test that is extremely

11  deferential.  My role is to determine whether there is

12  correct -- whether the correct legal standards were applied

13  by the administrative law judge and whether her decision is

14  supported by substantial evidence.

15        Substantial evidence is defined as such relevant

16  evidence as a reasonable mind might accept as adequate to

17  support a conclusion.

18        In this case, I find two problems.  The first is

19  whether the RFC is not supported.  I do not find any

20  indication that the physical components, by that I mean

21  focused on the back issues, are of concern and provide

22  limitations that were not recognized by the administrative

23  law judge.  I think, however, that there is ample evidence

24  that the combination of her headaches and mental impairments

25  do interfere with her ability to perform work-related

1  functions on a regular basis.  Dr. Schroeder at page 443 is
2  very clear about the plaintiff's inability to perform on a
3  regular basis.  Dr. Roche indicates as much at page 563, 565,
4  and 566.  At 566 he states that the plaintiff could be
5  expected to be absent more than three times per month.  The
6  case law is fairly clear that anything over two is
7  problematic.  At the very least, a vocational expert is
8  needed in such a situation to determine whether the job base
9  on which the grids are predicated is sufficiently eroded by
10  the inability to maintain a regular work schedule.
11       I understand completely the Commissioner's argument
12  that even though there is substantial evidence supporting the
13  plaintiff's view, the Commissioner prevails if there is
14  substantial evidence to support the ALJ's view.  In this
15  case, I do not believe there is.  The best that the ALJ was
16  able to cite is the opinion of Dr. Inman-Dundon and at
17  page 466, the doctor concludes, after checking the box for
18  moderate limitation in this particular area, that the
19  plaintiff does appear to have trouble dealing with stress and
20  perhaps some difficulty keeping a regular schedule.  So in my
21  view, that is not substantial evidence that she can maintain
22  a regular schedule.  At best, it somewhat undermines
23  potentially Dr. Schroeder and Dr. Roche's opinions.
24       The second issue I have is the rejection of
25  Dr. Schroeder's opinions as a treating source.  He is

1  entitled to considerable deference and if his opinions are
2  going to be discounted, the administrative law judge has an
3  obligation to state the basis for that determination.  I
4  understand that Dr. Roche is not perhaps a mental health
5  specialist, but the mere statement that his opinions are not
6  supported by his objective findings in my view is not enough.
7  I -- he saw the plaintiff some 12 or 13 times over the period
8  before the hearing.  His notes are replete with reference to
9  plaintiff's anxiety, depression, 525, 526, 528, 532, 536,
10  544, and so I do not find that the rejection of Dr. Roche's
11  opinions was sufficiently detailed and supported in the
12  record.
13        So I am going to grant judgment on the pleadings to
14  the plaintiff.  I do not find, however, that there is
15  convincing evidence of disability.  I think that this needs
16  another look and a careful consideration of the issues that I
17  just raised, and so I will direct that the matter be returned
18  to the agency for further proceedings without a directed
19  finding of disability.
20        Thank you both for your excellent presentations,
21  and I hope you both have an excellent weekend.
22        MR. GORTON:  Thank you, your Honor.
23        MR. KERSHNER:  Thank you, you too.
24              (Proceedings Adjourned, 2:34 p.m.)
25

CERTIFICATE OF OFFICIAL REPORTER

I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
Official Realtime Court Reporter, in and for the
United States District Court for the Northern
District of New York, DO HEREBY CERTIFY that
pursuant to Section 753, Title 28, United States
Code, that the foregoing is a true and correct
transcript of the stenographically reported
proceedings held in the above-entitled matter and
that the transcript page format is in conformance
with the regulations of the Judicial Conference of
the United States.

Dated this 15th day of May, 2015.

/S/ JODI L. HIBBARD

JODI L. HIBBARD, RPR, CRR, CSR
Official U.S. Court Reporter